UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brass Monkey, LLC

        Plaintiff

v.

Crown Castle Inc., et al.,

        Defendants

Case No. 2:24-cv-01806-CDS-NJK

**Order Granting the Defendants' Motion for Attorney's fees and Denying the Plaintiff's Renewed Motion for a Temporary Restraining Order and Preliminary Injunction**

[ECF Nos. 29, 31]

      This is a now closed breach of contract case brought by plaintiff Brass Monkey LLC against defendants Crown Castle, Inc., New Cingular Wireless PCS, LLC, and CCATT LLC. *See* Am. compl., ECF No. 16. In February of this year, I granted the defendants motion to dismiss the amended complaint without prejudice pursuant to Local Rule 7-2(d) because Brass Monkey failed to respond to the motion, therefore consenting to it being granted. *See* Order, ECF No. 27. Judgment was entered in favor of the defendants on March 26, 2025. J., ECF No. 28.

      Defendants New Cingular Wireless PCS, LLC, Crown Castle Inc., and CCATT LLC move for attorney's fees in the amount of $100,577.09, and for costs not otherwise taxable under Local Rule 54-1 through 54-13 in the amount of $416.86. *See* Mot. for fees, ECF No. 29. Brass Monkey opposes the motion. *See* Resp., ECF No. 31. In sum, Brass Monkey argues that the amount of fees sought is excessive, especially in light of their unsuccessful attempts to file an opposition, and there was no prevailing party so fees would be inappropriate. *Id.* Brass Monkey's response also includes a "renewed motion for a temporary restraining order and preliminary injunction." ECF No. 31 at 2. This motion is fully briefed. Reply, ECF No. 32. For the reasons explained herein, I grant the defendants' request for fees and costs, and deny Brass Monkey's renewed motion.[1]

---

[1] Having granted the motion to dismiss and entry of judgment, I interpret Brass Monkey's opposition, in part, as a motion to reconsider. This is improper for three reasons. First, the motion violates Local Rule

I.  Background

Brass Monkey filed an amended complaint raising three claims against the defendants: breach of contract, breach of implied covenant of good faith and fair dealing, and nuisance. *See* Am. compl., ECF No. 16. Brass Monkey is a developer and a redeveloper of historical properties, and it specifically purchased the historic property, Huntridge Theater. *Id.* at 2. The defendants leased a portion of the Huntridge Theater for the placement of a cellular communication tower from the then theater owners. *Id.* The option and lease agreement required the defendants to obtain "all licenses and permits required for tenant's use of the premises and the property, collectively referred to as the 'Government Approvals.'" *Id.* at 4, ¶ 13. Brass Monkey alleged that the defendants did not comply with federal laws in obtaining government approval for the sitting of the cell tower and the construction of it. *Id.* at 5, ¶¶ 17, 20.

Brass Monkey also alleged that it had been in the process of redeveloping the historic property. ECF No. 16 at 2. However, the defendants' cell tower prevented that development to progress, and the defendants refused to relocate the tower or obtain the necessary approvals for the tower. *Id.* at 2–3. Brass Monkey sought enforcement of the option and lease agreement, as well as a mandatory injunction ordering the defendants to relocate the cell tower. *Id.*

After Brass Monkey filed the amended complaint, on January 31, 2025, the defendants filed a motion to dismiss. *See* ECF No. 23. This court granted the defendants' motion, ECF No. 27, and on February 26, 2025, it entered judgment in favor of the defendants. *See* ECF No. 28. On March 11, 2025, the defendants filed this instant motion for attorney's fees. ECF No. 29. Until filing its opposition to this motion, Brass Monkey did not seek any sort of relief from the order granting the unopposed motion to dismiss.

---

IC 2-2(b) that requires for each type of relief sought a separate motion be filed. Second, the motion fails to set forth and address the appropriate standard for reconsideration. Third, judgment has been entered so there is no mechanism, procedurally, to grant this sort of relief. Accordingly, Brass Monkey's alternative requested relief is denied.

In its motion, the defendants argue that attorney's fees are appropriate for several reasons: (1) the information complies with the Local Rules 54-14; (2) they are the "substantially prevailing parties," so they are entitled to recover attorney's fees; (3) under the Lodestar amount, the requested hourly rates are reasonable and the hours expended by counsel were reasonable; and (4) the fees are reasonable under *Brunzell* and *Kerr*. *See id.* In opposition, Brass Monkey requests that the court deny the defendants' motion or, in the alternative, reduce any award of attorney's fees. ECF No. 31. Brass Monkey also asserts that because the defendants were granted dismissal pursuant to Local Rule 7-2(d), and the court did not address the merits of the plaintiff's claims, the defendants cannot be deemed the prevailing parties entitled to attorney's fees. *Id.* at 2. I address each argument below.

## II.     Discussion

As a threshold matter, I first address the defendants' position that because this action was based on diversity jurisdiction, Nevada law applies in determining whether an award of attorney's fees is warranted and the reasonableness of the fees. *See* ECF No. 29 at 3. Brass Monkey does not address this position. *See generally* ECF No. 31. I agree with the defendants. Federal courts sitting in diversity determine the reasonableness of attorney's fees awarded under state law when those fees are connected to the substance of the case. *See In re Larry's Apt., L.L.C.*, 249 F.3d 832, 837–38 (9th Cir. 2001). Here, the defendants removed this matter from the Eighth Judicial District Court of Clark County, Nevada, on diversity jurisdiction grounds. *See* ECF No. 1 at 5. So Nevada law applies. With that, I turn and address the procedural requirements first, then address the merits, of the motion.

### A.  The Federal Rule of Civil Procedure and Local Rule 54 Requirements are Met

Under Federal Rule of Civil Procedure 54(d), a prevailing party that seeks attorney's fees must meet the following requirements: (1) file the motion no later than fourteen days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4)

disclose, if the court, so orders, the terms of any agreement about fees for the services for which the claim is made. *See* Fed. R. Civ. P. 54(d)(2). Further, Local Rule 54-14 requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorneys performed. *See* LR 54-14(a)–(b).

Here, the defendants have complied with Federal Rule of Civil Procedure 54 by timely filing their motion for attorney's fees, stating "grounds entitling the [defendants] to the award," stating "the amount sought," and highlighting the parties "agreement about fees." Fed. R. Civ. P. 54. The defendants also complied with Local Rule 54-14, which requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. LR 54-14(a). Indeed, the defendants' motion and attorney affidavit address each of the categories. *See* ECF No. 29; Aff. of John Ebken, Defs.' Ex. 3, ECF No. 29-3 at 5–11. Based on the information provided by the defendants, their motion meets the requirements set forth in Local Rule 54-14 and provides the court with enough information to evaluate the requested fees.[2] I next turn to the merits of the defendants' motion.

### B. The defendants are entitled to attorney's fees under the Lease Agreement

Under both federal and Nevada law, valid contractual provisions for the payment of attorney's fees constitute a sufficient source of authority supporting a fee award. *See MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Bates*

---

[2] I note that because Brass Monkey does not address arguments pertaining to Federal Rule Civil Procedure 54 and Local Rule 54, they therefore consent to a finding that the procedural requirements of the motion have been met. *Caravan Canopy Intl, Inc. v. Home Depot U.S.A., Inc.*, 2021 WL 831028, at *8 (C.D. Cal. Feb. 25, 2021) ("[A]rguments to which no response is supplied are deemed conceded."). I nonetheless address these issues herein.

*v. Chronister*, 691 P.2d 865, 871 (Nev. 1984) (discussing the American rule that provisions in contracts for the payment of attorney's fees are valid and enforceable); *Flamingo Realty, Inc. v. Midwest Dev., Inc*, 879 P.2d 69, 73 (Nev. 1994) (explaining that under Nevada law, attorney's fees are available when authorized by rule, statute, or contract).

      Here, the lease agreement between the parties provides that "[t]he substantially prevailing party in any litigation or other proceeding arising under this Agreement shall be entitled to its reasonable attorneys' fees and court costs, including appeals, if any." *See* Lease Agreement, Defs.' Ex. 1, ECF No. 23-1 at 10, ¶ 27. The parties do not dispute that there is an enforceable lease agreement with a provision that includes attorney's fees. Instead, Brass Monkey argues that the lease agreement regarding attorney's fees does not apply to procedural dismissals. ECF No. 31 at 6. In response to Brass Monkey's opposition, the defendants assert that the dismissal order, coupled with the entry of the judgment, renders the defendants "the substantially prevailing party" such that the attorney's fees they incurred in this action are recoverable pursuant to Section 27(a) of the lease. ECF No. 32 at 6–7.

      Although the lease agreement does not specifically define when a party is considered "prevailing," it makes clear that attorney's fees are to be awarded to the "substantially prevailing party." ECF No. 23-1 at 10, ¶ 27. The defendants successfully litigated their motion to dismiss, even if it was unopposed, so I find that they are the substantially prevailing party under the contract terms and are therefore entitled to reasonable attorney's fees. *See Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1058 (Nev. 2004) (internal quotations omitted) (explaining that contract terms should be given their "usual and ordinary signification.").

      **C. The defendants are the prevailing party under Nevada Law**

      Beyond the terms of the contract, the defendants are appropriately deemed the prevailing party. Indeed, a prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. *Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 825 (9th Cir. 2007). The Ninth Circuit has explained that a prevailing party status

requires that a party received a judgment on the merits or obtained a court-ordered consent decree. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d. 978, 981 (9th Cir. 2008) (citing *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 600 (2001).

Here, the defendants' position is that they have been successful at every step of this litigation, and the court's order granting the motion to dismiss supports its position. *See* ECF No. 29 at 7. In opposition, Brass Monkey relies on federal case law to argue that a party is only considered "prevailing" when there is a decision on the merits. ECF No. 31 at 4, 5, 7. But because this is a diversity case, I apply state law when resolving the issue of attorney's fees. *See Riordan v. St. Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) (citing *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (cleaned up)) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."). Under Nevada law, an order dismissing a complaint is sufficient to establish a party as the "prevailing party" for purposes of awarding attorney's fees under Nevada Revised Statutes. *See MB America, Inc. v. Alaska Pac. Leasing*, 367 P.3d 1286 (Nev. 2016). As such, the defendants are prevailing parties under Nevada law.

### D. The requested fees are reasonable.

Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (quotations omitted). One permissible calculation method is the "Lodestar" approach, which involves "multiplying 'the number of hours reasonably spent on the case by a reasonable hourly rate.'" *Vacation Vill v. Clark County*, 244 Fed. App'x 785, 788 (9th Cir. 2007) (quoting *Shuette*, 124 P.3d at 549 n.98).

Courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*. *See Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). Those factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
> (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 455 P.2d at 33. I find the defendants' motion appropriately addresses these factors.

The defendants assert that it is seeking fees for two law firms retained: (1) litigation counsel, consisting of four attorneys and one paralegal; and (2) specialized regulatory counsel, consisting of two attorneys from the law firm of Wilkinson Barker Knauer. ECF No. 29 at 7. The defendants are seeking fees for litigation counsel at hourly rates between $175 and $420. *Id.* at 9. The defendants also seek attorney's fees in the amount of $100,577.09 and costs in the amount of $416.86. *Id.* at 23. I have reviewed the defendants' motion and its attorneys' sworn declarations, billing records, and hourly rates. I find that the rates charged are reasonable.

In opposition to the defendants' motion for attorney's fees, Brass Monkey does not dispute that defendants' counsel is experienced, but instead lodges a generalized argument that the requested attorney's fees should be significantly reduced because this case did not "demand exceptional skill or specialization." ECF No. 31 at 8. Brass Monkey avers that this case was dismissed before service was even effected, before discovery commenced, and without a single hearing. *Id.* Brass Monkey generally asserts that seeking over $100,000 in fees "for a case that did not progress past pleadings" is disproportionate.[3] *Id.* at 9. Brass Monkey does not specifically

---

[3] Brass Monkey also asserts that there are claims that have not been resolved and parties remain in active litigation (*see* ECF No. 31 at 5–6) so lack of litigation finality of this action precludes recovery. However,

assert which fees from the invoices provided by the defendants' counsel would be considered disproportionate nor does Brass Monkey attach any affidavits pertaining to contested fees. *See id.* at 12. Brass Monkey also briefly argues that seeking over "$80,000 in attorneys' fees for work that included not only preliminary litigation efforts but also extensive strategic planning, internal communications, and regulatory consultation" had no bearing on the court's procedural dismissal. *Id.* at 8. Again, Brass Monkey fails to argue why this regulatory research was irrelevant and fails to provide affidavits supporting this contested fact.

In reply to Brass Monkey's arguments, the defendants assert that Brass Monkey's response does not comply with this district's local rules. *See* ECF No. 32 at 8 (citing LR 54-14(d) (explaining "[i]f an opposition is filed, it must set forth the specific charges that are disputed and state with reasonable particularity the basis for the opposition. The opposition must include affidavits to support any contested fact.").

I agree with defendants that Brass Monkey's opposition fails to comply with Local Rule 54-14(d). Their argument is generalized and fails to provide the required specificity to support their opposition. If a moving party fails to explain "why preparing [a] particular unfiled motion was reasonable," it is within the court's discretion to disallow fees for it. *See Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020). Here, I find the defendants' explanation as to why they spent hours preparing for this matter to be reasonable— hours were "expended in pursuit of success, especially in light of [p]laintiff's tactics, which included attempting to obtain an *ex parte* order on short notice, failing to serve any of the defendants, and failing to state any cognizable cause of action despite implicating complex regulatory frameworks." *See* ECF No. 29 at 14–15.

Second, I do not find that the hours worked on this case to be unreasonable merely because the defendants' counsel did not engage in an abundance of motions practice. Ultimately, "an attorney might reasonably prepare a motion" but then decide a "motion is not worth filing."

---

it is unclear to this court which if any claims remain in active litigation as the court granted the motion to dismiss and entered judgment. Without more, this argument is unsuccessful.

*See Vargas*, 949 F.3d at 1199. So any generalized objection to an attorney's effort is insufficient to deny the requested fees. Thus, I exercise my discretion and grant the defendants' motion for attorney's fees.

### III.  Conclusion

IT IS ORDERED that the defendants' motion for attorney's fees [ECF No. 29] is GRANTED.

IT IS FURTHER ORDERED that Brass Monkey is ordered to pay $100,577.09 in attorney's fees and the amount of $416.86 in costs to the defendants' counsel by December 19, 2025.

IT IS FURTHER ORDERED that Brass Monkey's "renewed motion for a temporary restraining order and preliminary injunction" [ECF No. 31] is DENIED.

Dated: November 18, 2025

_____
Cristina D. Silva
United States District Judge